NESTER'S MAP & GUIDE
CORP., Plaintiff,

v.

HAGSTROM MAP COMPANY,
INC., Defendant.

No. 90 CV 1086.

United States District Court,
E.D. New York.

March 22, 1991.

Jacobson & Colfin (Jeffrey E. Jacobson, Bruce E. Colfin, and Marc D. Moel, of counsel), New York City, for plaintiff.

Walter, Conston, Alexander & Green, P.C. (David B. Wolf and Irving Sepulveda, of counsel), New York City, for defendant.

## MEMORANDUM AND ORDER

NICKERSON, District Judge:

Plaintiff Nester's Map & Guide Corp. brings this action for copyright infringement, unfair competition, unfair trade practices, and trademark infringement contending that defendant Hagstrom Map Company copied certain portions of plaintiff's taxi driver's guide. Defendant asserted a counterclaim contending that plaintiff's use of the word "official" in the title of its guide violates the Lanham Act, 15 U.S.C. § 1125(a). Defendant moves for summary judgment on its counterclaim.

The essential facts are not in dispute. Plaintiff has published its guide, entitled *Official New York Taxi Driver's Guide*, since 1978 and is now in the process of publishing the ninth edition. Defendant started in 1988 to publish a competing guide called *New York City Taxi & Limousine Drivers Guide*.

Plaintiff concedes that no agency or department of the City of New York, including the Taxi and Limousine Commission of New York, has authorized the use of the word "official."

The Lanham Act prohibits any person from using any "false or misleading representation of fact" which is likely to mislead or deceive the public. 15 U.S.C. § 1125(a).

■ When a "statement or representation is literally or explicitly false, the court may grant relief without reference to the advertisement's impact on the buying public." *Coca-Cola Co. v. Tropicana Products*, 690 F.2d 312, 317 (2d Cir.1982). Where the plaintiff shows a false or misleading representation in violation of the Lanham Act, the court will presume irreparable harm. *McNeilab, Inc. v. American Home Products Corp.*, 848 F.2d 34, 38 (2d Cir.1988).

■ The use of the word "official" in the title to plaintiff's guide falsely indicates that some person or entity in authority has sanctioned the publication. The court finds

that the word can have no other reasonable interpretation.

■ The balance of equities here favors a permanent injunction since plaintiff can show no harm from being barred from using the word in its title. Plaintiff contends that defendant's conduct in copying plaintiff's book leaves him with unclean hands. The defense of unclean hands does not apply where it is not founded on the same claim. *Warner Bros., Inc. v. Gay Toys, Inc.*, 724 F.2d 327, 334 (2d Cir.1983).

The court grants defendant's motion for summary judgment on its counterclaim and permanently enjoins plaintiff from using the word "official" in the title to its guide.

So ordered.